IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. PICKARD, III, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:22-cv-366-RAH-SMD |
| | ) |
| HON. STEVE MARSHALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case turns on the issue of whether the United States Constitution requires the States to provide indigent civil litigants with free copies of the trial court record for them to pursue an appeal. *Pro se* plaintiff William M. Pickard, III ("Pickard") brings 42 U.S.C. §1983 claims against Alabama Attorney General Steve Marshall, members of the Alabama Standing Committee on Rules of Appellate Procedure, and others alleging that his constitutional rights were violated when, despite his indigency, he was charged $329 for the record on appeal in a civil case he brought against his automobile insurance carrier. Because the Constitution does not guarantee free trial court records or transcripts for indigent parties in routine civil cases, Pickard's claims are DUE to be DISMISSED.

**I.     JURISDICTION**

This Court has federal question jurisdiction because Pickard's § 1983 claims arise under federal law.  28 U.S.C. § 1331.

## II.    LEGAL STANDARD

### A. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Twombly*, 556 U.S. at 555). The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential [factual] allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n. 2 (11th Cir. 2010) (internal quotes and citation omitted). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678.

To determine whether plaintiff has stated a claim, a court should first "eliminate any allegations in the complaint that are merely legal conclusions," and then, if there are any well-pleaded factual allegations remaining, assume their veracity and decide "whether they plausibly give rise to an entitlement to relief." *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotes and citation omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### B. Pro se Pleadings

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014).

## III. FACTS[1]

Pickard, acting *pro se*, filed suit in State court against the automobile insurance carrier that covered him while he was working as an Uber driver. *Pickard v. James River Ins. Co.*, 01-CV-2020-41 (Cir. Ct. Jefferson Cnty., Ala.). He filed an affidavit of substantial hardship, and the State court granted him indigent status and ordered that the prepayment of filing fees and costs be waived and that these fees and costs be taxed at the conclusion of the case. *Id.*, Doc. # 2.

Pickard's complaint alleged that his auto insurance carrier wrongfully charged him for two deductibles of $1,000 each when his vehicle was hit by two different vehicles in a short span of time. *Id.*, Doc. # 3, Complaint ¶¶ 2-7. He argued that he should have only been charged one deductible because it was a single accident. *Id.* Pickard brought claims for breach of contract, bad faith, and negligence, and sought compensatory and punitive

---

[1] These facts are compiled from the record in the underlying State-court case. The undersigned takes judicial notice of the State-court records found on AlaCourt.com that provides electronic access to Alabama court records. *See* FED. R. EVID. 201(b)(2); *Keith v. DeKalb Cnty., Ga.*, 784 F.3d 1034, 1041 n. 18 (11th Cir. 2014) (judicial notice taken of electronic system of State-court records); *Grider v. Cook*, 522 F. App'x 544, 545 n.2 (11th Cir. 2013).

damages. *Id.* at ¶¶ 10-19. The carrier moved for summary judgment arguing, *inter alia*, that the two separate collisions were not the same accident under the terms of the policy. *Id.*, Doc. # 133 Mot. for Summary Judgment at 4-6. The court granted the carrier's motion and entered full and final judgment in favor of the carrier and against Pickard. *Id.*, Doc. # 190, Order of Full and Final Summary Judgment.

Pickard filed a notice of appeal to the Alabama Court of Civil Appeals. *Id.*, Doc. # 196, Notice of Appeal. He checked the box on the form indicating that he was exempt from giving security for the costs of his appeal due to "substantial hardship (in forma pauperis)." *Id.* He also checked the box indicating that he was not ordering a transcript. *Id.* at 2. The court subsequently issued a $329 bill of costs for preparing the record on appeal. *Id.*, Doc. # 199, Cost Bill. Pickard failed to pay, and the Alabama Court of Civil Appeals issued a notice of deficiency informing him that his in forma pauperis ("IFP") status does not provide for a free record or a free transcript in a civil appeal, and that failure to pay within 21 days may result in dismissal of his appeal. *Id.*, Doc. # 200, Deficiency Notice. Pickard filed a motion requesting waiver of prepayment of the record fee due to hardship which the Alabama Court of Civil Appeals denied. *Id.*, Doc. # 201, Notice. The State-court docket reflects no further action on Pickard's appeal.

IV. **ANALYSIS**

**Indigent Civil Litigants are not Entitled to a Free Record on Appeal.**

Rule 24 of the Alabama Rules of Appellate Procedure provides for appeals in forma pauperis in both criminal and civil appeals. The committee comments to Rule 24 note that

4

"[t]here is no provision within the rule for the allowance of a free record or a free transcript in civil appeals." Rule 24, Ala. R. App. P., Committee Comments (amended effective May 14, 1990). Pickard argues that requiring him, an indigent civil appellant proceeding in forma pauperis, to prepay the costs for the record on appeal violates his constitutional rights of due process, equal protection, and access to the courts. Amd. Complaint, Doc. 20 ¶ 26.

In *Griffin v. Illinois*, 351 U.S. 12, 16-19 (1956), the Supreme Court held that the Due Process and Equal Protection Clauses require the States to provide indigent criminal defendants with free trial transcripts and other materials necessary for adequate appellate review. The Court explained that "[s]urely no one would contend that either a State or the Federal Government could constitutionally provide that defendants unable to pay court costs in advance should be denied the right to plead not guilty or to defend themselves in court." *Id.* at 17. The Court reasoned that "[t]here is no meaningful distinction between a rule which would deny the poor the right to defend themselves in a trial court and one which effectively denies an adequate appellate review accorded to all who have money enough to pay the costs in advance." *Id.* at 18.

However, the Supreme Court "has not extended *Griffin* to the broad array of civil cases." *M.L.B. v. S.L.J.*, 519 U.S. 102, 116 (1996). A "constitutional requirement to waive court fees in civil cases is the exception, not the general rule." *Id.* at 114. When a civil case involves a fundamental interest or suspect classification, the Constitution may require free trial transcripts and other materials for meaningful appellate review. *Id.* at 115-116.

5

In all other civil cases, the State's need for revenue to offset the expenses of its court system satisfies rational basis review. *Id.*

The Supreme Court has recognized a fundamental interest in civil cases concerning dissolution of marriage, *Boddie v. Connecticut*, 401 U.S. 371 (1971), and termination of parental rights, *M.L.B.*, 519 U.S. at 116-117. Pickard's case here involves no such fundamental interest. It is a routine civil dispute about an automobile insurance policy where Pickard seeks money damages. Therefore, the general rule that appellants in civil cases are not entitled to a free transcript or trial court record as a matter of right controls. Pickard has cited no authority supporting the proposition that he is constitutionally entitled to a free copy of the record on appeal in his run-of-the-mill civil case. Because Pickard's constitutional claim fails on the merits, the undersigned will not address the other arguments raised by defendants in their motions to dismiss.

### V. **CONCLUSION**

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendants' motions to dismiss (Docs. 22 & 26) be GRANTED and that Plaintiff's Amended Complaint (Doc. 20) be DISMISSED in its entirety with prejudice. The undersigned further

RECOMMENDS that Plaintiff's Motion to Compel (Doc. 28) and Motion for Disclosure (Doc. 31) be DENIED as MOOT. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **September 1, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of August, 2023.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE