IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM M. PICKARD, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-CV-366-RAH |
| ) | |
| HON. STEVE MARSHALL, *et al.*, ) ) ) | |
| Defendants. ) | |

# **ORDER**

Pending before the Court are the Plaintiff's Objections. (Doc. 36.) When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Plaintiff's primary objection is that the Magistrate Judge did not address the merits of his argument that his rights to due process and equal protection have been violated because some other states do not require indigent plaintiffs to pay for the costs of the record on appeal in civil cases. This Court has reviewed the Plaintiff's Amended Complaint and the Magistrate Judge's Recommendation and finds that the Magistrate Judge did address Plaintiff's claims that "requiring him, an indigent civil appellant proceeding in forma pauperis, to prepay costs for the record on appeal violates his constitutional rights of due process, equal protection, and access to courts." (Doc. 33 at 5, citing Amd. Complaint, Doc. 20.) As discussed by the Magistrate Judge, this civil action involving a run-of-the-mill dispute over an automobile insurance policy does not involve a fundamental interest or suspect classification. The State's need for revenue to offset the expenses of its court system satisfies rational basis review. (Doc. 33 at 5-6, citing *M.L.B. v. S.L.J.*, 519 U.S. 102, 114-16 (1996).) Consequently, the Court agrees that the Plaintiff's constitutional claims fail on the merits.

Accordingly, upon an independent review of the record, it is

ORDERED as follows:

1. The Objections (Doc. 36) are OVERRULED;

2. The Recommendation (Doc. 33) is ADOPTED;

3. The Motions to Dismiss (Docs. 22 & 26) filed by Defendants are GRANTED;

4. The Amended Complaint (Doc. 20) is DISMISSED in its entirety with prejudice;

5. The Motion to Compel (Doc. 28) and Motion for Disclosure (Doc. 31) are DENIED as MOOT.

DONE, on this the 26th day of February 2024.

                                        R. AUSTIN HUFFAKER, JR.
                                      UNITED STATES DISTRICT JUDGE